UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW BEDENFIELD, | : |
| Petitioner | : No. 4:CV-11-0456 |
| vs. | : (Petition Filed 03/10/11) |
| UNITED STATES OF AMERICA, | : (Judge Muir) |
| Respondent | : |

**MEMORANDUM AND ORDER**

April 29, 2011

Presently before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner, Andrew Bedenfield ("Bedenfield"), an inmate currently confined in the United States Penitentiary, Lewisburg, Pennsylvania. For the following reasons, the court will dismiss the petition as a successive petition pursuant to 28 U.S.C. §2244(a).

**I.   Background**

On December 10, 2004, Bedenfield was taken into custody by state authorities in Solano County, California, for violating the conditions of his probation. See Bedenfield v. Warden, No. 4:CV-09-2292, at 1 (M.D. Pa. Feb. 8, 2010).

On March 24, 2005, while Bedenfield remained in California state prison, a grand jury of the United States District Court for the Eastern District of California issued an indictment against him on charges of conspiracy, wire fraud and bank fraud. Id. On May 11, 2005, Bedenfield was sentenced in state court to a five-year term for violations of his probation violations. Id. At the time of sentencing, the state court ordered that Bedenfield receive credit in the amount of 271 days for time spent in actual presentence custody. Id.

Two days later, on May 13, 2005, Bedenfield was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum to be arraigned, and on October 25, 2005, he pled guilty to conspiracy to commit wire fraud and seven counts of bank fraud. Id. On February 7, 2006, the United States District Court for the Eastern District of California sentenced Bedenfield to a seventy-one-month term of imprisonment, to run consecutively to the undischarged state term. Id.

On March 15, 2006, Bedenfield was returned to the custody of California state authorities, in satisfaction of the terms of the federal writ, and on March 20, 2006, he was committed to the California Department of Corrections. Id.

For the purpose of computing Bedenfield's state sentence, the State of California commenced the 5-year term on March 20, 2006. Id. Bedenfield received 271 days of actual presentence credit, and 312 days of post-sentence credit for the time he spent in the primary custody of state authorities from the date of sentencing, until the date he was committed to the California Department of Corrections. Id.

On November 20, 2009, Bedenfield filed <u>Bedenfield v. Warden, No</u>. 4:CV-09-2292, in this Court, challenging the Bureau of Prisons' ("BOP") calculation of his federal sentence. Id.

On February 8, 2010, Magistrate Judge Blewitt issued a Report and Recommendation recommending that the habeas corpus petition be denied because the Federal BOP properly computed Bedenfield's federal sentence. Id.

By Order dated April 7, 2010, this Court adopted the Report and Recommendation. Id. No motion for reconsideration or notice of appeal was filed pertaining to the April 7, 2010 Order.

On January 10, 2011, Bedenfield filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1, petition).

By Order dated March 10, 2011, the Eastern District Court transferred the matter to the United States District Court for the Middle District of Pennsylvania, where it was received and filed on that date. (See Doc. 4). Bedenfield, once again challenges the calculation of his sentence, seeking prior custody credit from May 13, 2005 through March 15, 2006, when he was in federal custody under a writ of habeas corpus ad prosequendum. (Doc. 1, petition).

**II   Discussion**

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9(b)[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, section 2244 authorized dismissal of a successive habeas petition "that presented no new

---

1. Rule 9(b) of the Habeas Corpus Rules provides:
   A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

-4-

ground not heretofore presented and determined." McCleskey v. Zant, 499 U.S. 467, 483 (1991). Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded section 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> A petitioner may abuse the writ by failing to raise a claim though inexcusable neglect. Our most recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

As newly amended, section 2244 appears to provide for habeas corpus petitions brought specifically under 28 U.S.C. §2254 or 28 U.S.C. § 2255. In relevant part, section 2244(a) now provides:

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.[2]

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of section 2244, are applicable to section 2241 habeas petitions brought by federal prisoners. <u>Felker v. Turpin</u>, 518 U.S. 651, 664 (1996)(holding that the restrictions on successive petitions found in 28 U.S.C. § 2244, as amended by the AEDPA, "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. §

---

2.  Section 2255 provides in part:
      A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
(28 U.S.C. § 2255(4)).

2241); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998)(holding that § 2244(a) bars successive petitions under 28 U.S.C. § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)(dismissing § 2241 petition as successive pursuant to § 2244); Byrd v. Gillis, 1997 WL 698157, at *1 (E.D. Pa. 1997)(applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under 28 U.S.C. § 2241).

It is apparent from the record that Bedenfield is again seeking to challenge the calculation of his sentence.  Since he has unsuccessfully pursued this matter before this court, the instant petition is tantamount to a successive petition and will be dismissed pursuant to 28 U.S.C. § 2244(a). An appropriate Order accompanies this Memorandum Opinion.

                                        s/Malcolm Muir
                                        MUIR
                                        United States District Judge

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


ANDREW BEDENFIELD,                :
                                  :
        Petitioner                : No. 4:CV-11-0456
                                  :
    vs.                           : (Petition Filed 03/10/11)
                                  :
UNITED STATES OF AMERICA,         : (Judge Muir)
                                  :
        Respondent                :
```

**ORDER**

April 29, 2011

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DISMISSED** pursuant to 28 U.S.C. §2244(a).

2. The Clerk of Court is directed to **CLOSE** this case.


                    s/Malcolm Muir
                    MUIR
                    United States District Judge